# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ERICK B. SHOEMAKE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:20-cv-00672 |
| TROUSDALE COUNTY, et al., | ) ) JUDGE CAMPBELL |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Plaintiff Erick B. Shoemake, an inmate of the Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee, has filed a pro se Complaint for alleged violation of civil rights pursuant to 42 U.S.C. § 1983 (Doc. No. 1), an amendment to the Complaint (Doc. No. 4), and an application for leave to proceed in forma pauperis (IFP) (Doc. No. 5).

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit IFP, that is, without prepaying the filing fee required by 28 U.S.C. § 1914(a). Plaintiff's IFP application meets the requirements of Section 1915(a) and demonstrates that he lacks the funds to pay the entire filing fee in advance. Accordingly, his IFP application (Doc. No. 5) is **GRANTED**.

However, due to defects in Plaintiff's pleadings, the Court cannot proceed with the initial screening required under 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e. The Complaint alleges that the former warden of TTCC (a prison privately operated by CoreCivic, Inc.) failed to maintain a "safe and secure prison environment" despite state audits that identified issues in need of correction; that the current warden has similarly failed to maintain a safe and

secure prison, allowing unspecified "injuries against [Plaintiff] from these issues"; that officials of the Tennessee Department of Correction (TDOC) know of the audit findings and the failure of TTCC officials to cure the deficiencies identified therein; and, that the policies of both CoreCivic, Inc., and TDOC allow for the ongoing mismanagement of TTCC, resulting in violations of Plaintiff's First, Eighth, and Fourteenth Amendment rights. (Doc. No. 1 at 1–2.) The Complaint also alludes to issues with medical care that Plaintiff intends to file under seal, and to the Trousdale County Commissioner's Office illegally operating TTCC under a void contract, "disguising it as a jail but knowing it to be a[ ] [de] facto prison." (*Id.* at 3.)

In a subsequent letter to the Court (Doc. No. 4), which the Court construes as an amendment to the Complaint filed as a matter of course under Federal Rule of Civil Procedure 15(a)(1),[1] Plaintiff requests an award of unspecified damages from Defendants Trousdale County and CoreCivic, and injunctive relief in the form of a transfer to "a safe TDOC facility," a "[f]orever bar in sending to any CoreCivic owned facility," and an order directing the receiving TDOC facility to provide medical, mental health, and dental care due to damages sustained at TTCC. (*Id.* at 1.)

While Plaintiff's pleadings refer to "injuries" and "damages" he sustained at TTCC, the Court is unable to determine what specific injuries were allegedly sustained and by whom they were allegedly inflicted. The rules governing pleading in federal court require that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Rule 8(a)(2)).

---

[1] Rule 15(a)(1) allows a party to "amend its pleading once as a matter of course" within 21 days after service of the pleading or the opposing party's response to the pleading.

Legal conclusions of liability such as Plaintiff asserts—i.e., that prison mismanagement amounts to deliberate indifference resulting in compensable injuries—must be supported by "sufficient factual matter, accepted as true," to plausibly claim a right to relief from Defendants. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). The required factual allegations must be "sufficient to give notice to the defendant as to what claims are alleged," *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010), and to enable the Court to determine the viability of those claims. Such factual allegations are lacking in this case.

Accordingly, if Plaintiff is to maintain this action, he **MUST** address the deficiencies highlighted above by filing an Amended Complaint within **30 days** of the entry of this Order. The Clerk is **DIRECTED** to provide Plaintiff with an appropriate form for filing a Section 1983 complaint. The Clerk is further **DIRECTED** to terminate Doc. No. 4 as a pending motion.

Plaintiff must use the complaint form provided by the Clerk and must include responsive information in all fields of the form. Plaintiff is cautioned that if he does not comply with this Order to amend his Complaint within the time frame specified, or if he fails to promptly notify the Court of any change in his address, this action may be dismissed for failure to prosecute and for failure to comply with the Court's Order.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE