# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ERICK B. SHOEMAKE, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:20-cv-00672 |
| TROUSDALE COUNTY, et al., | ) JUDGE CAMPBELL |
| Defendants. | ) |

## MEMORANDUM AND ORDER

While in custody at the Trousdale Turner Correctional Center in Hartsville, Tennessee, Plaintiff Erick B. Shoemake filed a pro se Complaint for alleged violation of civil rights pursuant to 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP) (Doc. No. 5). By Order entered March 22, 2021, the Court granted Plaintiff's IFP application, but found that it could not proceed with the initial screening required by the Prison Litigation Reform Act due to defects in Plaintiff's pleading. (Doc. No. 6.) Accordingly, the Court gave Plaintiff 30 days to file an Amended Complaint on a form provided by the Clerk of Court, and explicitly warned him that if he did not do so, or if he failed to promptly notify the Court of any change in his address, this action may be dismissed for failure to prosecute and for failure to comply with the Court's Order. (*Id.* at 3.)

Plaintiff did not comply with this filing requirement, and his filing deadline has now passed. Moreover, Plaintiff's service copy of the Court's Order could not be delivered and was returned to the Court on April 13, 2021 with the notation "unable to forward." (Doc. No. 7.) It is

thus apparent that Plaintiff failed to keep the Court apprised of his current address, and otherwise failed to take the necessary steps to prosecute his Section 1983 Complaint.

Dismissal of this action is appropriate in view of Plaintiff's fault in failing to comply with the Court's Orders despite having been warned that such failure could lead to dismissal, *Choate v. Emerton*, No. 2:16-cv-00037, 2018 WL 3656505, at *2 (M.D. Tenn. Aug. 2, 2018), *report and recommendation adopted*, 2018 WL 4076955 (M.D. Tenn. Aug. 27, 2018), and pursuant to the Court's "well settled . . . authority to dismiss sua sponte a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). In view of Plaintiff's pro se status, as well as the preference for disposing of cases on their merits, the Court finds dismissal without prejudice to be the appropriate disposition here. *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2011).

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and to comply with the Court's Orders.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE